**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. 9004-2(c)
**KIRSTEN B. ENNIS, LLC**
92 East Main Street, Suite 407
Somerville, NJ 08876
(908) 713-0345
mail@ennislegal.com

**Kirsten B. Ennis, Esq. (KE7927)**
Attorney for Candido Ortiz, Debtor(s)

In re:

Candido Ortiz, Debtor(s)

Case No.: 14-31613

Chapter 13

Judge: Hon.

Hearing Date: 1/14/2015 at 9:00 a.m.

**CERTIFICATION IN SUPPORT OF MOTION
FOR SANCTIONS DUE TO VIOLATIONS OF THE AUTOMATIC STAY
AND FOR TURNOVER OF PROPERTY TO THE ESTATE**

Kirsten B. Ennis, hereby certifies and says:

1. I am an attorney at law licensed to practice in the State of New Jersey and represent the above-captioned debtors in this matter. I am thoroughly familiar with the facts alleged in this certification and I am authorized to make this certification on behalf of the debtors.

2. This case was commenced by the filing of a petition with the Clerk of this court on October 23, 2014.

3. On October 24, 2014, unknown to my office and my client, a sale of the property located at 9306 Crescent Loop Circle, Apt 201 Tampa, FL 33619 was conducted.

4. Crosswynde Condominium Association received actual written notice of the bankruptcy filing and of the automatic stay from the Clerk of this Court at or about the time of the filing of this case.

5. On November 5, 2014, my office was informed by the Debtor's sister that a person by the name of "Kevin" advised her that he is now the owner of the property. In an effort to resolve this issue, my office immediately contacted said person, but was unable to reach him. A voicemail was left for him requesting he call our office immediately.

6.      My office then immediately contacted the attorney for the Homeowner's Association, the Business Law Group, and spoke with their legal assistant, "Lisa". Said assistant informed my staff that a Foreclosure Sale was conducted on October 24, 2014. My staff informed Lisa that the Bankruptcy for Mr. Ortiz had been filed on October 23, 2014, therefore the sale was conducted in violation of the Automatic Stay.

7.      Following said call, my staff immediately contacted the Sheriff's Department to clarify the details of said sale and then submitted a Notice of Bankruptcy Stay to the Business Law Group, the attorney's office for the Homeowner's Association. Said Notice was send via email, fax and regular mail included in such was an explanation of the course of events and the demand to reverse and/or cancel the sale of the property. Attached hereto as Exhibit A is a copy of the letter along with the email and fax confirmation.

8.      On November 7, 2014, the Business Law Group, PA file a Proof of Claim, Claim number 2, for a secured lien in the amount of $15,926.07. Said Proof of Claim contained no documentation relating to the sale of the property.

9.      On November 20, 2014 at 10:00am the 341(a) Meeting of the Creditor's was conducted in Robbinsville. I was unable to attend said meeting due to a scheduling conflict; however, following the meeting the Debtor's sister advised my office that she was contacted earlier in the day by an individual advising her that they were the new owner of the property located at 9306 Crescent Loop Circle, Apt 201 Tampa, FL 33619.

10.     After investigating the issue, my office obtained copies of the Certificate of Title entered by the Court on November 6, 2014 stating that the property had been sold to LG Dec, LLC located at 18220 Clear Lake Drive, Lutz, FL 33548. Attached hereto as Exhibit B.

11.     Additionally, my office also located a Special Warranty Deed dated November 17, 2014 to LG Dec, LLC. Attached hereto as Exhibit C.

12.     Based upon the above documents, as well as the telephone call the Debtor's sister received on November 20, 2014, my office contacted the Business Law Group and was instructed by the receptionist to email Ms. Foster regarding our concerns.

13.     My assistant, Jasmyn, emailed Ms. Foster explaining the course of events and that the sale had been conducted in violation of the automatic stay. She also requested Ms. Foster issue a letter to the unit's occupant explaining the sale was void and Mr. Ortiz shall remain the owner of the unit.

14. In response, Ms. Foster replied to said email stating that her client was not made aware of the Bankruptcy filing until November 5, 2014 and they rightfully proceeded with the sale of the property. Moreover, she stated, "I will not take any steps to void the sale myself." She then questioned if the unit's occupant had been remitting payments to my office. My assistant Jasmyn replied informing Ms. Foster than she was strongly urged to consult with a Bankruptcy attorney regarding the sale and that we would be proceeding with a Motion for Violations of the Automatic Stay and for Sanctions. Additionally informing Ms. Foster that no payments had been received by the unit's tenant.

15. In reply, Ms. Foster stated, "…don't see why my office has to initiate it or put more work into voiding the sale." Attached hereto as Exhibit D is a copy of the email exchanged of November 25, 2014.

16. Based upon the above, it is apparent that Ms. Foster is unwilling to comply with the requests of my office to void the sale. Furthermore, it is apparent Ms. Foster intended to mislead the Debtor as well as the Bankruptcy Court by filing a proof of claim in the case on behalf of the Crosswynde when she had no intention of voiding the sale of the property.

17. Under Section 1306 of Title 11 of the United States Code, the debtor is entitled to possession of all property of the estate.

18. Crosswynde Condominium Association and/or the Business Law Group has willfully and intentionally refused and failed to turn over the property to the movant as required by Sections 362(a)(3) and 542 of Title 11 of the United States Code.

19. Based on the foregoing it is respectfully requested that the Court enter an Order as follows:

    a. Crosswynde Condominium Association and/or the Business Law Group be ordered to pay sanctions to the debtor in the sum of $1,000.00;

    b. Crosswynde Condominium Association and/or the Business Law Group be ordered to turn over and/or take any action necessary to effectuate the turnover of the sale of the property located 9306 Crescent Loop Circle, Apt 201 Tampa, FL 33619;

    c. Pursuant to U.S.C. 11 §105(a), the attorney for the debtor be awarded the sum of $1000.00 as reasonable legal fees and expenses for having to bring this matter before the Court;

    d. That this matter be set for an evidentiary hearing; and

    e. That the debtors have such other and further relief as the Court may deem just and proper.

I hereby certify that the foregoing statements made me are true. I am aware that if any of the foregoing statements made by us are willfully false, I am subject to punishment by the Court.

Dated: December 17, 2014 /s/ Kirsten B. Ennis
Kirsten B. Ennis, Esquire

4

5