# EXHIBIT D

**Date:** 11/25/2014 2:21:45 PM
**Subject:** RE: Unit 17-201 Candido Ortiz
**From:** "Sarah Foster" <SFoster@BLawGroup.com>
**Recipients:** jasmyn@ennislegal.com;
**CC:** liesa@ennislegal.com;

Thank you. I will not oppose your motion to vacate the sale but don't see why my office has to initiate it or put more work into voiding the sale.

Sarah E. Foster, Esq.

**Business Law Group, P.A.**
**ATTORNEYS AT LAW**
301 W. Platt St., Suite 375
Tampa, Florida 33606
813-379-3804 ext. 643
SFoster@BLawGroup.com
Service@BLawGroup.com

To coordinate any and all hearings please e-mail: **Hearings@blawgroup.com**


**From:** Jasmyn Kocsis [mailto:jasmyn@ennislegal.com]
**Sent:** Tuesday, November 25, 2014 11:25 AM
**To:** Sarah Foster
**Cc:** liesa@ennislegal.com
**Subject:** RE: Unit 17-201 Candido Ortiz

Good Afternoon,

I have spoken with Kirsten and she strongly urges you to consult with a bankruptcy attorney, as the sale was conducted in violation of the automatic stay; regardless of whether your office was notified or not. She has informed me that we will be proceeding with filing a Motion for Violations of the Automatic Stay and will be seeking sanctions & attorneys fees, as you are unwilling to void the sale.

Additionally, the tenant has not remitted payment to our office or to our client.

Thank you,
Jasmyn Kocsis, Legal Assistant
Law Offices of Kirsten B. Ennis, LLC
92 East Main Street, Suite 407
Somerville, NJ 08876
(908) 713-0345
(908) 713-0297 fax
jasmyn@ennislegal.com
http://www.ennislegal.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s). It is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an

unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail. If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege. Thank you for your cooperation.

---

Original message
From: "Sarah Foster" <SFoster@BLawGroup.com>
To: jasmyn@ennislegal.com;
Dated: 11/25/2014 11:02:19 AM
Subject: RE: Unit 17-201 Candido Ortiz

Good afternoon. As you stated below, the sale took place the day after your client filed for Bankruptcy, yet my office was not made aware of this until November 5th. Thus, we rightfully proceeded with our sale and the unit was bought by a third party purchaser. If you believe the sale was void then please proceed with your action. As no notice was provided, I will not take any steps to void the sale myself. Surely Mr. Ortiz was aware of the sale date and thus notice of the bankruptcy would have been appreciated by my office. In addition, I believe the tenant was asked to sign a new lease so I am now wondering if payments are being sent to your office?

**Sarah E. Foster, Esq.**

**Business Law Group, P.A.
ATTORNEYS AT LAW**
301 W. Platt St., Suite 375
Tampa, Florida 33606
813-379-3804 ext. 643
SFoster@BLawGroup.com
Service@BLawGroup.com

**To coordinate any and all hearings please e-mail:  Hearings@blawgroup.com**

From: Jasmyn Kocsis [mailto:jasmyn@ennislegal.com]
Sent: Tuesday, November 25, 2014 10:22 AM
To: Sarah Foster
Cc: liesa@ennislegal.com
Subject: Unit 17-201 Candido Ortiz

Ms. Foster,
Our office represents Mr. Candido Ortiz in his Chapter 13 Bankruptcy, which was filed on 10/23/2014. On November 5, 2014, our office was informed that a sale of the above unit was conducted on October 24, 2014, after the issuance of the Order for relief in Mr. Ortiz's bankruptcy. At the time of the bankruptcy filing, our office was not aware of the scheduled sale on the above unit - therefore notice of the bankruptcy was not immediately transmitted to your firm. Our office transmitted a letter on November 5, 2014 explaining the sequence of events and called regarding the matter on November 5, 2014 as well to inform your firm that the sale was to be cancelled, as it was conducted in violation of the automatic stay. I have attached copies of said correspondence for your immediate reference.

Despite the above, the unit's occupant continues to insist that the sale was valid and that she is now the new owner of the unit. However, the secured proof of claim filed on November 7, 2014 supports that the debt to Crosswynde remains secured in the real property and Mr. Ortiz remains the owner.

If you could please issue a letter to the purchaser verifying that the sale was void and Mr. Ortiz remains the owner of the property, it would be greatly appreciated. It is imperative we resolve this issue immediately.  Thank you,

Jasmyn Kocsis, Legal Assistant
Law Offices of Kirsten B. Ennis, LLC
92 East Main Street, Suite 407
Somerville, NJ 08876
(908) 713-0345
(908) 713-0297 fax
jasmyn@ennislegal.com
http://www.ennislegal.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s). It is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail. If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege. Thank you for your cooperation.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of Business Law Group, P.A. client(s) represented by this firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

In addition, this firm can be considered a debt collector, and as such is attempting to collect a debt, and any information obtained will be used for that purpose. In the absence of any notice, unless you, within thirty (30) days after receipt of this letter, dispute the validity of the aforesaid debt (or any portion thereof) owing to the Association, this law firm shall assume that the said debt is valid. If you notify the firm within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the firm shall obtain written verification of the said debt from the Association and mail the same to you.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of

Business Law Group, P.A. client(s) represented by this firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

In addition, this firm can be considered a debt collector, and as such is attempting to collect a debt, and any information obtained will be used for that purpose. In the absence of any notice, unless you, within thirty (30) days after receipt of this letter, dispute the validity of the aforesaid debt (or any portion thereof) owing to the Association, this law firm shall assume that the said debt is valid. If you notify the firm within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the firm shall obtain written verification of the said debt from the Association and mail the same to you.